UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MELVIN RUSH                                                                                                                 PLAINTIFF

V.                                             CIVIL ACTION NO. 3:17-CV-915-DPJ-FKB

STIHL, INC., ET AL.                                                                         DEFENDANTS

ORDER

This products-liability action is before the Court on the parties' cross-motions. Defendant STIHL, Inc., ("STIHL") filed a Motion to Dismiss [2] citing lack of personal jurisdiction and failure to state a claim. Plaintiff Melvin Rush responded by seeking remand to the Circuit Court of Kemper County, Mississippi. *See* Pl.'s Mot. [7]. For the reasons that follow, Rush's Motion to Remand [7] is denied, and STIHL's Motion to Dismiss [2] is granted in part.

I.     Factual Background

This case stems from damages Rush suffered when a borrowed STIHL chainsaw, Model 029, exploded while he was using it. Sometime in late-2016, Rush alleges that he borrowed the chainsaw from Russell Roberts. *See* Rush Dep. [24-1] at 10–11. After completing his project, Rush attempted to return the chainsaw to Roberts but was allegedly told to hold onto it until Roberts asked for it. *See id.* at 20. Unfortunately, Roberts passed away before requesting the chainsaw's return. Rush says no one from Roberts's estate, administered by Defendant Sherline Watkins, or his family asked for the chainsaw's return. *See id.* at 36–38. After Roberts's death, on or around May 20, 2017, Rush says the chainsaw exploded when he attempted to start it. *See* Compl. [3] at 14. Rush suffered severe burns. *Id.*

Rush filed suit in state court complaining that his injuries were caused by STIHL's negligence and Roberts's failure to warn Rush regarding the chainsaw's defective condition. *Id.* at 7–12. STIHL removed the case to this Court saying Rush improperly joined Defendants Watkins and Brian Roberts, Roberts's next-of-kin.[1] Upon removal to this Court, STIHL argues the Court should dismiss Rush's Complaint for lack of personal jurisdiction and because the Mississippi Products Liability Act ("MPLA") subsumes Rush's negligence claims. Rush responded by seeking remand.

II. Rush's Motion to Remand

    A. Standard

STIHL premises federal jurisdiction on 28 U.S.C. § 1332, under which a district court has jurisdiction over civil actions between "citizens of different States." 28 U.S.C. § 1332(a)(1). The statute requires complete diversity between all named plaintiffs and all named defendants. *See, e.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

The improper-joinder rule "is a narrow exception to the rule that diversity jurisdiction requires complete diversity." *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Improper joinder can be established by showing the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). In evaluating a claim of improper joinder, the "appropriate test is whether there is any reasonable basis for predicting the plaintiffs might be able to recover against . . . the in-state defendant."

---

[1] The Court will collectively refer to Defendants Watkins and Brian Roberts as "In-State Defendants."

*Jones v. Gen. Motors Corp.*, No. 3:06-CV-608-DPJ-JCS, 2007 WL 1610478, at *1 (S.D. Miss. June 1, 2007) (quoting *Love v. Ford Motor Co.*, 212 F. App'x 292, 294 (5th Cir. 2006)).

A district court should ordinarily resolve an improper-joinder claim by conducting a Rule 12(b)(6)-type analysis. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) ("*Smallwood II*"). "If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016). But when "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood II*, 385 F.3d at 573.

B.    Analysis

STIHL removed this case from state court alleging that Rush improperly joined the In-State Defendants. Specifically, STIHL says Rush's claims against the In-State Defendants are improperly joined because: (1) a defendant who does not manufacture or sell a product is not liable for product defects when they gratuitously loan an item; (2) the MPLA subsumes Rush's negligence claims; (3) the claim is barred under Mississippi's survival statute since no claim accrued before Roberts's death; (4) Rush filed suit before the 90-day moratorium on claims against an estate passed; and (5) Brian Roberts is improperly joined because no cause of action exists against a decedent's next-of-kin under Mississippi law. *See* Notice of Removal [1] at 12, 14. Seeking remand, Rush argues that Defendant Watkins is properly joined as the administrator of Roberts's estate and that his pleaded claims are valid.[2] *See generally* Pl.'s Mot. [7].

---

[2] Rush failed to respond to STIHL's argument regarding Defendant Brian Roberts. Nevertheless, the Court finds Rush's claim against Brian Roberts barred under Mississippi law. In *State ex rel. Patterson v. Warren*, the Mississippi Supreme Court held that Mississippi's survival statute does not authorize claims against an estate's heirs based on the decedent's actions. 182 So. 2d 234, 236 (Miss. 1966) ("[T]he survival statute, does not authorize the State to sue the widow of the

3

In furtherance of these arguments, STIHL requested leave to conduct limited discovery. *See* Def.'s Mot. [14]. After a telephonic conference, the Court granted STIHL's motion and admonished the parties:

> Looking at the Complaint itself, the Court agrees that discovery is necessary to address omitted facts. The core allegation against Roberts is that he "had actual or constructive knowledge of the defective nature of the subject gas-powered chainsaw" yet "fail[ed] to warn Plaintiff Rush." Compl. [3] at 17. If the case were presented to the Court on the strength of this pleading, there would be a difficult question whether Plaintiff has stated a plausible claim related to Roberts—even assuming the claim survived the more technical legal issues STIHL advances. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Limited discovery regarding Roberts's knowledge and actions should help answer the questions the Court anticipates.

Jan. 11, 2018 Order [15] at 2–3. Accordingly, the Court allowed "[e]ach side [to] propound 10 interrogatories and 10 requests for production of documents. They may also conduct depositions if deemed appropriate." *Id.* at 3.

Now that this discovery has been completed, the Court is still left solely with Rush's conclusory statement that Roberts "had actual or constructive knowledge of the defective nature of the subject gas-powered chainsaw." Compl. [3] at 17. Rush argues that Roberts had knowledge that the chainsaw was defective because two recall notices, from 1994 and 1997 respectively, appear on the U.S. Consumer Product Safety Commission's website. *See* Pl.'s Reply [26] at 4. Even so, Rush fails to plead any facts suggesting that Roberts had cause to

---

deceased supervisor in her individual capacity, in a suit to establish liability of the estate."). Therefore, Rush failed to plead a plausible cause of action against Brian Roberts. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 555 (5th Cir. 1981) (establishing that a defendant is not fraudulently joined if "it is possible that a state court might find that the . . . defendant(s) were subject to liability").

check this website or was otherwise on notice of this recall. *Cf. Fruge v. Ethicon US, LLC*, No. CV 16-149-JWD-EWD, 2017 WL 1807610, at *15 (M.D. La. Feb. 24, 2017) (denying summary judgment where material issue of fact existed whether plaintiff was on notice that recall was posted on FDA's website). Further, Rush was clearly instructed in this Court's earlier Order to produce facts through discovery on this very issue or risk dismissal. *See* Jan. 11, 2018 Order [15] at 2–3. He failed to do so.

Therefore, even assuming that (1) the MPLA does not preempt Rush's negligence claims and (2) Mississippi's survival statute would allow Rush's claims against Roberts's estate, Rush has not pleaded a plausible claim for recovery against Watkins. Because the In-State Defendants are not properly joined, the Motion to Remand [7] is denied.

III.    STIHL's Motion to Dismiss

   A.    Personal Jurisdiction

The burden is on the plaintiff to establish the Court's jurisdiction over a defendant. "Where, as here, the district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a *prima facie* case that jurisdiction is proper." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006).

> The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a prima facie case for personal jurisdiction has been established. The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.

*Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985) (internal citations omitted).

STIHL says Rush fails this test because he has offered nothing but conclusory allegations. Specifically, STIHL argues that Rush did not sufficiently plead that STIHL had any

5

contacts with Mississippi during the relevant periods or, more narrowly, that this particular chainsaw was sold in Mississippi. *See generally* Def.'s Mot. [2]; Def.'s Reply [20] at 12–13. STIHL however offers no contrary evidence, leaving Rush's averments and record evidence unrebutted. Nevertheless, the Court will not accept mere conclusory allegations as true, "even if they are uncontroverted." *Suckafree Records v. OarFin Distrib.*, No. CV 4:12-2337, 2013 WL 12158149, at *3 (S.D. Tex. May 7, 2013) (citing *Stripling*, 234 F.3d at 869); *see also Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865 (5th Cir. 2001) (affirming district court's finding that plaintiff failed to plead non-conclusory facts to support jurisdiction).

The issue may be somewhat close, but Rush has offered more than mere conclusions. First, in his Complaint, Rush says:

> 2. Defendant Stihl, Inc. ("Stihl") is a corporation existing under laws of Delaware, with its principal place of business in Virginia Beach City County, Virginia. Stihl has committed torts against Plaintiff within the State of Mississippi thus rendering itself subject to jurisdiction within this State. At all times relevant to this lawsuit, Stihl has conducted business in Kemper County by way of manufacture, delivery, and sale of its gas-powered chainsaws to residents of Kemper County, Mississippi and thus is subject to personal jurisdiction pursuant to the Mississippi long-arm statute.
>
> . . . .
>
> 8. Stihl was, at all pertinent times, engaged in the business of designing, manufacturing, testing, marketing, distributing and selling gas powered chainsaws. Stihl did design, manufacture, test, distribute, place into the stream of commerce and sell the subject defective gas-powered chainsaw which proximately caused the massive [burn] injuries to Plaintiff Rush.

Compl. [3] at 13–15. Some of those statements are conclusory, but Rush at least avers that STIHL conducted business in and around Kemper County; marketed its chainsaws there; and placed this specific chainsaw into the stream of commerce.

Further, in response to STIHL's motion to dismiss, Rush provided various information from STIHL's website and pictures from Mississippi stores that are designated as authorized

retailers of STIHL products. *See generally* Pl.'s Exs. [12-2]. These documents, in relevant part, state that STIHL has been targeting Arkansas, Louisiana, Mississippi, and east Texas since 1966. *See id.* at 6. This information suggests that STIHL started selling chainsaws in Mississippi about two decades before the subject chainsaw was manufactured. Indeed there are five authorized STIHL retailers located in or around Kemper County. *See* Pl.'s Exs. [12-2] at 8–11.

Having found non-conclusory averments and evidence, "all reasonable inferences . . . are drawn in favor of the . . . plaintiff." *Johnson v. Verhaeghe*, No. 1-13-CV-50-JRN, 2013 WL 12130297, at *1 (W.D. Tex. Dec. 11, 2013) (quoting *Felch v. Tranportes Lar-Mex*, SA DE CV, 92 F.3d 320, 321 (5th Cir. 1996)); *see also Fed'n of State Massage Therapy Bds. v. Mendez Master Training Ctr., Inc.*, No. 4:17-CV-2936, 2018 WL 534540, at *7 (S.D. Tex. Jan. 24, 2018) (determining whether plaintiff raised "reasonable inference" of jurisdictional facts); *Swangain v. Aon Corp.*, No. 3:05-CV-326-B-S, 2006 WL 1028857, at *4 (S.D. Miss. Apr. 13, 2006) (finding prima facie showing of minimum contacts "[a]lthough an inference [wa]s necessary"). And on this record, the Court draws the reasonable inference that the subject chainsaw was sold in Mississippi where Roberts lived and possessed it and where STIHL had marketed and sold its chainsaws since 1966.

That still leaves the question whether Rush has made a prima facie showing of jurisdiction. Personal jurisdiction over a defendant can be general or specific. *Daimler AG v. Bauman*, 571 U.S. 117, 132 (2014). Here, Rush limits his jurisdictional argument to specific jurisdiction. Pl.'s Resp. [12] at 3. As to specific jurisdiction, STIHL limits the issue even

7

further, basing its argument for dismissal solely on constitutional grounds without raising issues under Mississippi's long-arm statute.[3]

The Fifth Circuit has succinctly laid out the test for specific personal jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002), *abrogated on other grounds by Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017). The plaintiff bears the burden of establishing only the first two prongs; afterwards "the burden of proof shifts to the defendant to show that the assertion of jurisdiction is unfair and unreasonable." *Id.* at 382.

First, for personal jurisdiction to be proper, the defendant must have sufficient "minimum contacts" with the forum. In the Fifth Circuit, a plaintiff can establish sufficient "minimum contacts" by showing that the defendant placed the product into the stream of commerce with knowledge that the product will ultimately reach the forum state. *See Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006) (observing that "[w]here a defendant knowingly benefits from the availability of a particular state's market for its products, it is only fitting that the defendant be amenable to suit in that state"). In addition to the stream-of-commerce allegation, there is a reasonable inference that the chainsaw was sold here, and

---

[3] While the parties do not address Mississippi's long-arm statute, the Court must *sua sponte* consider all jurisdictional issues. Here, STIHL is subject to jurisdiction under Mississippi Code section 13-3-57 because Rush was allegedly injured in Mississippi by STIHL's product. *See Paz*, 445 F.3d at 842 ("Under Mississippi law, causation by the defendant's product or injury within the state is sufficient to establish jurisdiction over the defendant, regardless of whether the defendant had the specific intent that its products be distributed or used in Mississippi.").

Rush has otherwise offered unrebutted evidence of STIHL's contacts with the state since 1966. Rush has met his burden as to the first prong.

Rush has also satisfied the second prong—that his cause of action "relates or arises" from these contacts. *Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017). Rush must show a "nexus between the defendant's contacts with Mississippi and [his] tort claim." *Irvin*, 517 F. App'x at 231 (quoting with alterations *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 500 (5th Cir. 2012)). Viewing the factual disputes in the light most favorable to Rush, and given the inference that Roberts purchased the chainsaw in Mississippi, Rush has made a prima facie showing. Accordingly, STIHL's motion to dismiss for lack of specific personal jurisdiction is denied. [4]

That said, Rush is not yet out of the woods. Before trial, he must establish the necessary jurisdictional nexus by a preponderance of the evidence. *Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986) ("[A]t any time when the plaintiff avoids a preliminary motion to dismiss by making a prima facie showing of jurisdictional facts, he must still prove the jurisdictional facts at trial by a preponderance of the evidence." (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir. 1977))); *Felch*, 92 F.3d at 326 ("Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at a trial." (citation omitted)).

---

[4] Even if Rush failed to make a prima facie showing, dismissal would be premature. As he notes, there has been no jurisdictional discovery. *See* Pl.'s Mem. [12] at 3. When a party seeks jurisdictional discovery, he must first make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). This showing requires "factual allegations that suggest with reasonable particularity the possible existence of the requisite" facts. *Id.* (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). In this case, the documents Rush presented, and the factual averments he asserts, are sufficient to allow jurisdictional discovery.

B.  Negligence and Breach-of-Warranty Claims

STIHL says the Court should dismiss Rush's negligence and breach-of-warranty claims to the extent he pleaded them as separate from his MPLA claim. *See* Def.'s Mot. [2] at 14–15 (citing *Elliott v. El Paso Corp.*, 181 So. 3d 263, 268–69 (Miss. 2015)). Rush concedes that the MPLA subsumes these claims but asks the Court to either view them as MPLA claims or grant him leave to amend.

The fact that Rush used the wrong legal label on some of these claims is not fatal. "Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014) (quoting Fed. R. Civ. P. 8(a)(2)).

That said, the parties agree that Rush's claims must proceed under the MPLA, and it would simplify matters if the operative complaint matched that legal theory. Rush will therefore be given ten (10) days from the date of this order to file a separate motion for leave to amend. *See* L.U. Civ. R. 7(b)(3)(C) (noting that "[a] response to a motion may not include a counter-motion in the same document"). That motion must attach "a proposed amended pleading." *Id.* R. 7(b)(2).

IV.  Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed do not change the outcome. For the foregoing reasons, Rush's Motion to Remand [7] is denied. Further, STIHL's Motion to Dismiss [2] is granted only as to Rush's negligence and breach-of-warranty claims against STIHL raised separately from the MPLA. Rush may file a motion for

leave to amend his Complaint to re-plead these claims within ten (10) days of the entry of this order.

      **SO ORDERED AND ADJUDGED** this the 13th day of July, 2018.

                                                s/ *Daniel P. Jordan III*
                                                CHIEF UNITED STATES DISTRICT JUDGE